UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| LONE STAR EQUITIES, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CASE NO: 1:19-cv-00192-HAB-SLC |
| MORAN FOODS LLC, *doing business as* Save A Lot Ltd., | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Before the Court is a Notice of Removal filed by Defendant Moran Foods LLC, doing business as Save A Lot Ltd., alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

In the Notice of Removal, Defendant alleges that "Defendant Moran Foods is a limited liability company organized and existing under the laws of Missouri with its principal place of business and member located in Missouri." (DE 1 ¶ 5). Defendant's diversity allegations, however, are inadequate.

"[I]n the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). "[C]itizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* (citations omitted). Accordingly, the Court must be informed of the **name** and **citizenship** of all of the members of Moran Foods LLC, tracing such citizenship through all applicable layers of ownership to ensure that none of

the members share a common citizenship with Plaintiff.[1]  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Therefore, Defendant is afforded to and including May 17, 2019, to file an amended notice of removal that properly alleges federal subject matter jurisdiction on the basis of diversity of citizenship.

SO ORDERED.

Entered this 3rd day of May 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] To the extent that the members of Moran Foods LLC, are individuals, the Court must be informed of such members' domiciles. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (explaining that an individual's "residence" is meaningless for purposes of determining such individual's citizenship to establish diversity jurisdiction, as an individual's citizenship is determined by his or her domicile); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run.").
Also, as to the amended notice of removal, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).